IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RODARIAN DAVIS, #41789 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22cv612 |
| LAMAR COUNTY JAIL | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rodarian Davis, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### I.  BACKGROUND

Plaintiff filed the instant civil rights complaint, asserting claims against Lamar County Jail for rejecting inmates' mail in violation of United States Mail service and privacy rights. (Dkt. #1, p. 4). As relief, Plaintiff seeks monetary damages and requests the Court "to make Lamar County Jail abide by the federal standard of mail." (Dkt. #1, p. 4).

### II.  SCREENING UNDER 28 U.S.C. § 1915A

Plaintiff is currently a prisoner, as such, his complaint is subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil Procedure 11 and 12(b)(6)." *Id.* at 580 n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir.

1

2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim *de novo*, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."), *cert. denied*, 139 S. Ct. 626 (2018). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts are mandated to preemptively screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Butler v. Tidwell*, No. 4:20-CV-600, 2021 WL 4025379, at *3 (E.D. Tex. June 29, 2021), *report and recommendation adopted*, No. 4:20-CV-600, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *Montgomery v. Barr*, No. 4:20-CV-01281-P, 2020 WL 7353711, at *7 (N.D. Tex. Dec. 15, 2020) (citing *Coleman v. Tollefson*, 575 U.S. 532 (2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief)); *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004).

Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is empowered to dismiss an *in forma pauperis* case if it finds that the action is "frivolous or malicious." Under § 1915(e)(2)(B)(i), "[a] complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same

2

language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting the plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

### III.  ANALYSIS

"A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-cv 679, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Id.* at *6 (citing *Darby*, 939 F.2d at 313–14). The capacity of a county or city department to be sued is determined by the state where the district court is located. *See Darby*, 939 F.2d at 313; *see also* Fed. R. Civ. P. 17(b)(3). Because this Court sits in Texas, it must apply Texas law to determine whether the Lamar County Jail can be sued. *See Darby*, 939 F.2d at 313.

"In Texas, a county jail is not a jural entity subject to suing or being sued unless the county has taken explicit steps to grant the department with jural authority." *Reeder v. Superville*, No. 4:12CV778, 2013 WL 75771, at *3 (E.D. Tex. Jan. 4, 2013), *report and recommendation adopted*, No. 4:12CV778, 2013 WL 5291348 (E.D. Tex. Sept. 19, 2013); *see also Walker v. Anderson*, 2012 WL 6044937, at *2 & n.11 (N.D .Tex. Dec. 5, 2012) (citing cases); *Coates v. Brazoria Cnty. Texas*, 894 F. Supp. 2d 966, 2012 WL 3930314, at *3 (S.D. Tex. Sept.10, 2012) ("This requirement that

a legislative body must have vested a public entity with jural authority has led district courts in Texas to find that the following public entities, among others, lack capacity to be sued: . . . a county sheriff's department and its detention services . . . ."). *See also Darby*, 939 F.2d at 313. Thus, even if the Court takes all of Plaintiff's allegations against the Lamar County Jail as true, Plaintiff has failed to state a claim upon which relief can be granted. *See Reeder*, No. 4:12CV778, 2013 WL 75771, at **3-4.

Furthermore, the Court has found no authority suggesting that the Lamar County Jail has been granted jural authority to sue or be sued in its own right and Plaintiff has not alleged that it has been. *See id.* at *4. For that reason, it would be futile to grant Plaintiff an opportunity to replead with respect to the Lamar County Jail. Accordingly, Plaintiff's lawsuit against the Lamar County Jail should be dismissed. *See id.*; *Walker*, 2012 WL 6044937, at *2.

Because the sole named Defendant should be dismissed, and no Defendant would remain to answer the lawsuit, Plaintiff's entire action should be dismissed.

## IV.  RECOMMENDATION

Accordingly, the Court *sua sponte* recommends that Plaintiff's claims and lawsuit against the Lamar County Jail be dismissed with prejudice. *See* 28 U.S.C. §§ 1915A and 1915(e).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 20th day of March, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE